IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM BELCHIA,

    Plaintiff,

vs.

CORRECTIONS CORPORATION OF AMERICA, et al.,

    Defendants.

No. 04-1303-T/An

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO EFFECT SERVICE ON THE REMAINING DEFENDANTS

Plaintiff William Belchia, Tennessee Department of Correction prisoner number 152705, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a civil action pursuant to 42 U.S.C. § 1983 on November 18, 2004. Belchia did not file an application seeking leave to proceed in forma pauperis. The Clerk shall record the defendants as the Corrections Corporation of America ("CCA"), the State of Tennessee,[1] P. Clark, and A. Whitehurst.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C.

---

[1] Plaintiff named the Tennessee Department of Correction ("TDOC") as a defendant. A state department is not a suable entity. Therefore the Court construes the complaint to name the State of Tennessee as the defendant. See Hafer v. Melo, 502 U.S. (1991).

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6/9/05

§ 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance for the six months prior to submission of the complaint, and
3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff shall properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's

---

[2] Because this action was commenced prior to March 7, 2005, the new $250 filing fee is inapplicable.

account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.   Analysis of Plaintiff's Claims

The complaint alleges that the plaintiff, who suffers from hepatitis C, has not been provided evaluation and monitoring for his disease in accordance with TDOC Policy #113.42 § 4. Plaintiff alleges that defendant A. Whitehurst, a nurse practitioner, and defendant P. Clark, WCF Medical Director, informed him that CCA does not provide the

treatment and medication for Hepatitis C because they are too expensive. Plaintiff attached a copy of a grievance filed on October 22, 2004, which states:

> On September 22, 2004 I tested positive for Hepatitis C Virus and on October 21, 2004 once again I asked for medical treatment and was told by P. Clark Medical director that the medication and the treatment was too expensive and that I had to be positive for 6 months before I received any treatment. I need medication and treatment A.S.A.P.

Plaintiff's grievance was returned to him with the notation that his grievance was inappropriate. Plaintiff appealed and alleged that the response he received was that a medical grievance was inappropriate.

Plaintiff's claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Even to the extent that a suit seeks only injunctive relief against the State, the Eleventh Amendment still bars the action. Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997). Accordingly, plaintiff's claims against the State of Tennessee are barred and fail to state a claim upon which relief may be granted. Those claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies even though damages are unavailable

through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

In this case, the plaintiff appears to have exhausted his claim against defendant Clark. Because plaintiff's grievance does not mention defendant Whitehurst, he has not exhausted his claims against her. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504.[3]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d

---

[3] As no Sixth Circuit decision has held that an inmate's grievance must specifically mention the corporation that operates a prison in order to exhaust his claims against that entity, the Court declines to dismiss the plaintiff's claims against CCA sua sponte on that basis.

at 489. Accordingly, the Court DISMISSES the complaint with respect to defendant Whitehurst, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[4]

IV.   Issuance of Process

It is ORDERED that the Clerk shall issue process for the remaining defendants, P. Clark and CCA, and deliver said process to the marshal for service. Service shall be made on the individual defendant pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service shall be made on CCA pursuant to Fed. R. Civ. P. 4(h)(1). The service on the defendants shall include copies of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 6th day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01303 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

William Belchia
Whiteville Correctional Facility
152705
P. O. Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT