FILED BY_____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

05 JUN 30 PM 3:40

JOSEPH R. DI TROLIO
CLERK OF US DIST CT
W.D. OF TN-JACKSON

| | | |
|---|---|---|
| WILLIAM BELCHIA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-1303-T/An |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO SUPPLEMENT OR AMEND COMPLAINT

On November 18, 2004, Plaintiff William Belchia, Tennessee Department of Correction prisoner number 152705, an inmate at the Whiteville Correctional Facility ("WCF"), filed a § 1983 complaint against Corrections Corporation of America ("CCA"), the State of Tennessee, Patsy Clark, and A. Whitehurst. In the order entered on June 6, 2005, the Court determined that plaintiff's claims against the State of Tennessee were barred by sovereign immunity and had not exhausted his administrative remedies on his claims against A. Whitehurst. The Court directed that service issue for the two remaining defendants, Patsy Clark and CCA on Belchia's claim that the defendants have not failed to provide evaluation and monitoring of his Hepatitis C, in accordance with TDOC Policy #113.42, because of the associated expense.

On June 21, 2005, Belchia filed a motion to "supplement" his complaint. Pursuant to Fed. Rule Civ. P. 15(d):

> [A] court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 7/1/05

9

Belchia seeks, however, not to simply supplement his pleading with continuing occurrences arising from the denial of treatment for hepatitis, but to add a new claim and two additional defendants. In actuality, Belchia seeks to amend his complaint under Fed. Rule Civ. P. 15(a).

Belchia broke his leg on February 28, 2005. Belchia alleges that Nursing Assistant D. Spalding and Dr. Cole have failed to provide proper medical treatment for his broken leg. He alleges that Spalding made him hop to the chow hall for his meal after he returned to WCF from having orthopedic surgery on the leg. He further alleges that Spalding confiscated his leg brace, stating he would try to make a weapon out of it. Belchia contends that Dr. Cole has countermanded another doctor's recommendation and refused to order physical therapy for his leg.

Rule 15(a) allows plaintiff to file one amendment without leave of court before the defendants have answered the complaint. However, the Court must still perform the screening function set forth in 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). See Baxter v. Rose, 305 F.3d 486, 489-90 (6th Cir. 2002). In particular, the Court must determine whether the plaintiff has exhausted his administrative remedies and whether the parties to the complaint had any involvement with the new claim.

Plaintiff filed a grievance against Cole and Spalding on June 13, 2005. His grievance was rejected on June 13, 2005, as inappropriate because it concerned diagnosis by medical professionals. Belchia filed an appeal of that response on June 14, 2005. Without waiting for any response to his appeal, Belchia filed this motion on June 21, 2005.

Plaintiff's complaint, filed on November 18, 2004, raised a claim of denial of medical treatment for hepatitis C, against two defendants, Health Administrator Patsy Clark and CCA. His claim for improper treatment for the broken leg arose after he filed this lawsuit. Rather than supplementing or relating to the existing complaint, the new allegations constitute a claim of denial of medical treatment for an injury distinct and separate from the

2

hepatitis C claim. The new claim does not contain allegations of any action or inaction by existing defendants Clark and CCA. The new allegations pertain to Spalding and Cole alone. Furthermore, Belchia did not name defendants CCA or Clark in the grievance pertaining to his broken leg.

Plaintiff filed this motion to amend or supplement within one week of appealing his rejected grievance. Arguably he had not exhausted his administrative remedies even against Spalding and Cole at the time he filed this motion. Clearly, he did not exhaust his remedies against Clark and CCA by naming them in the grievance. Most importantly, however, Belchia was not permitted to exhaust administrative remedies on any claim in this lawsuit during its pendency. Forty-two U.S.C. § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

To the extent plaintiff seeks review of the claim that he was denied proper treatment for his broken leg, he must exhaust his administrative remedies fully against each person he seeks to name as a defendant pursuant to 42 U.S.C. § 1997e(a). Belchia must file a separate lawsuit to the extent he seeks relief on the claims presented in his motion. Accordingly, the motion to supplement or amend the complaint is DENIED.

IT IS SO ORDERED this 30th day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 1:04-CV-01303 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

William Belchia
Whiteville Correctional Facility
152705
P. O. Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT